IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANTONIO FREEMAN )
)
v. ) NO. 3:10-1087
)
LAWREN B. LASSITER, et al. )

TO: Honorable Aleta A. Trauger, District Judge

# R E P O R T  A N D  R E C O M E N D A T I O N

By Order entered November 24, 2010 (Docket Entry No. 5), this action was referred to the Magistrate Judge to enter a scheduling order for management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court are: 1) the motion to dismiss of Defendant Lawren B. Lassiter (Docket Entry No. 17); 2) the motion to dismiss of Randy P. Lucas (Docket Entry No. 19); and the motion for summary judgment of Defendant David R. Howard

(Docket Entry No. 32).[1] The plaintiff has not filed a response in opposition to any of the motions.[2] For the reasons set out below, the Court recommends that the motions be granted..

## I. BACKGROUND

The plaintiff is a former inmate at the Sumner County, Tennessee Jail ("Jail"). He brought this action pro se and in forma pauperis on November 16, 2010, seeking damages and other relief under 42 U.S.C. § 1983 and under state law. Named as defendants to the complaint are four criminal defense attorneys - Lawren B. Lassiter, Sydney V. Preston, David R, Howard, and Randy P. Lucas, two City of Gallatin police officers - Bobby Harris and Eben Bates, and Sumner County Assistant District Attorney Lytle A. "Joe" James. Each defendant is sued in his individual and official capacity.

---

[1] Defendant Howard initially filed a motion to dismiss (Docket Entry No. 22). However, by Order entered January 5, 2011 (Docket Entry No. 24), Defendant Howard was advised that the Court would not consider attachments to the motion to dismiss unless he re-filed the motion as a motion for summary judgment. When Howard re-filed a motion for summary judgment, the Court found that it supplanted the motion to dismiss and directed the clerk to terminate the motion to dismiss. See Order entered January 25, 2011 (Docket Entry No. 34).

[2] By Order entered January 25, 2011 (Docket Entry No. 34), the plaintiff was given until February 25, 2011, to file responses to the pending motions. However, by Order entered March 21, 2011 (Docket Entry No. 37), the time for the plaintiff to file responses was extended to April 8, 2011, because the Court was concerned that the plaintiff may not have received copies of filings and orders due to his several changes of address. The Court also directed the Clerk to send to the plaintiff at his most recent address copies of the motions, as well as a current copy of the docket sheet.

In a 24 page complaint, which consists primarily of two, multi-page narrative paragraphs, the plaintiff complains about events surrounding his arrest on November 21, 2008, his subsequent pre-trial detention, and the criminal proceedings brought against him in state court. He contends that Defendants Harris and Bates violated his Fourth Amendment rights by conducting an illegal search at his brother's residence on November 20, 2008, and further violated his civil rights and state law by wrongfully arresting him on November 21, 2008. See Complaint (Docket Entry No. 1), at 17-21. He alleges that each of the four defense attorneys represented him at some point in the criminal proceedings and that they all violated his civil rights and committed malpractice by failing to properly represent him. He contends that they failed to file motions and appeals, failed to take other litigation related acts that he requested, failed to recognize and remedy the violations of his civil rights that were being committed, and failed to secure his early release on the criminal charges that had been brought against him, charges of which he contends he was ultimately acquitted. Id. at 5-14 and 16. With respect to Defendant James, the plaintiff makes no specific factual allegations but contends that James:

> is in violation of committing a personal tort action and malicious prosecution against myself, conspiring with the other defendants within this initial claim that's caused irreparable injuries due to my 23 months of false imprisonment by falsifying illegal evidence from another dismissed offense. Entered it as physical evidence for the State in an undignified attempt to create sufficient evidence and probable cause to prosecute, for the grand jury to present a true bill and indict myself on false charges. Whereas, in the likelyhood (sic) of a conviction, a true bill should have never been returned by the grand jury on

3

> inadmissable (sic) hearsay alone in a malicious attempt certain of prosecution by the state.

Id. at 22.

By the Order of referral, process was ordered to issue to the defendants in this action and blank service packets were sent to the plaintiff for him to complete and return. The Clerk's docket in the action indicates that service packets were returned for Defendants Lassiter, Preston, Howard, Lucas, Harris, and Bates and that process was issued to these Defendants. See Docket Entry No. 10. The Clerk's docket shows that the summons was returned unexecuted for Defendant Preston. See Docket Entry No. 11. A service packet was not returned for Defendant James and process has not been issued to this Defendant.

## II. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). While a complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements

of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S.__, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby County, 220 F.3d 433, 446 (6th Cir. 2000).

With respect to Defendant Howard's motion for summary judgment, Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(c)(2). To prevail, the moving party must meet the burden of proving the absence of a genuine issue of material fact as to an essential element of the opposing party's claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Logan v. Denny's, Inc., 259 F.3d 558, 566 (6th Cir. 2001).

In determining whether the moving party has met his burden, the Court must view the factual evidence and draw all reasonable inferences in the light most favorable to the

nonmoving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000).  "The court's function is not to weigh the evidence and determine the truth of the matters asserted, 'but to determine whether there is a genuine issue for trial.'"  Little Caesar Enters., Inc. v. OPPCO, LLC, 219 F.3d 547, 551 (6th Cir. 2000) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

If the nonmoving party fails to make a sufficient showing on an essential element of the case with respect to which he has the burden, however, the moving party is entitled to summary judgment as a matter of law.  See Williams v. Ford Motor Co., 187 F.3d 533, 537-38 (6th Cir. 1999).  To preclude summary judgment, the nonmoving party "must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial."  Chao v. Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002).  "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]."  Shah v. Racetrac Petroleum Co., 338 F.3d 557, 566 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).  If the evidence offered by the nonmoving party is "merely colorable," or "not significantly probative," or not enough to lead a fair-minded jury to find for the nonmoving party, the motion for summary judgment should be granted.  Anderson, 477 U.S. at 249-52. "A genuine dispute between the parties on an issue of material

fact must exist to render summary judgment inappropriate." Hill v. White, 190 F.3d 427, 430 (6th Cir. 1999) (citing Anderson, 477 U.S. at 247-49).

### III. CONCLUSIONS

A. Motions of Defendants Lassiter, Howard, and Lucas

Each of the three motions should be granted, and Defendants Lassiter, Howard, and Lucas should be dismissed from the action.

The plaintiff's claims against these three defendants are based solely upon actions they took while acting as appointed defense attorneys for the plaintiff in the state criminal proceedings brought against him. Such actions cannot form the basis for claims under 42 U.S.C. § 1983 because appointed attorneys do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); Stamper v. Bouldin, 2002 WL 311119693, 46 Fed. Appx. 840, 841 (6th Cir. Sept. 24, 2002).[3] Acting under color of state law is an essential element for all claims brought under Section 1983. Flagg Bros. v. Brooks, 436 U.S. 149, 155, 98 S.Ct. 1729, 1732-33, 56 L.Ed.2d 185

---

[3] Although the Sixth Circuit Court Appeals recognized in Powers v. Hamilton Cnty. Pub. Defender Comm'n, 501 F.3d 592, 612 (6th Cir. 2007), that there is an exception to the rule in Polk for claims based on allegations that a public defender acted in an administrative or policy making role, such allegations are not involved in the instant action.

7

(1978). Because the plaintiff cannot satisfy this threshold legal requirement, his Section 1983 claims against Defendants Lassiter, Howard, and Lucas warrant dismissal.[4]

Although Defendant Howard argues that any claims under 42 U.S.C. §§ 1985 and 1986 should also be dismissed, see Memorandum in Support (Docket Entry No. 33), at 14-15, the Court has thoroughly reviewed the complaint and there is no cause of action asserted in the complaint under either of these statutes. Accordingly, the Court finds that claims under Sections 1985 and 1986 are not a part of this action.

To the extent that the plaintiff's allegation that Defendant James conspired "with the other defendants within this initial claim," see Complaint, at 22, can be construed as alleging a claim against each defendant under either of these two statutes, the allegation of a conspiracy is entirely conclusory and unsupported by sufficient specific factual allegations to support such a claim. Conspiracy claims must be pled with some degree of specificity, and vague and conclusory allegations unsupported by material facts will not be sufficient to state a claim. Center for Bio-Ethical Reform, Inc. v. City of Springboro, 477 F.3d 807, 832 (6th Cir. 2007); Spadafore v. Gardner, 330 F.3d 849, 854 (6th Cir. 2003); Gutierrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir.1987).

---

[4] Because the Court finds that the plaintiff fails to satisfy the color of state law requirement for his Section 1983 claims, it is not necessary to address the statute of limitations arguments made by the defendants for dismissal of the Section 1983 claims.

In addition to his Section 1983 claims, the plaintiff asserts that each of the three defendants committed legal malpractice, libel, and "torts" against him. The Court construes these allegations to assert claims brought under state law. However, upon the dismissal of the plaintiff's Section 1983 claims against the three defendants, the Court should decline to exercise jurisdiction over such claims under 28 U.S.C. § 1367(c).

The decision of whether to retain jurisdiction over state law claims upon the dismissal of the federal law claims asserted in an action is left to the broad discretion of the Court. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350-52, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); Musson Theatrical, Inc. v. Federal Express Corp., 89 F.3d 1244, 1254 (6th Cir. 1996). In considering whether to continue to exercise supplemental jurisdiction over such state law claims, the Court must consider the provisions of Section 1367(c) and the factors the United States Supreme Court outlined in Cohill, 484 U.S. at 350-51, and United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). These factors include judicial economy, convenience, fairness, and comity. Cohill, 484 U.S. at 350. Although not mandatory or absolute, the general rule is to decline to exercise jurisdiction over supplemental state law claims when all federal claims are eliminated from a case before trial. Musson, 89 F.3d at 1254-55 (gathering cases from the Sixth Circuit Court of Appeals that follow the general rule). In the instant action, the balance of factors weighs in favor of dismissal of the plaintiff's state law claims without prejudice so they can be pursued in the state courts if he so wishes.

B. Defendants Preston and James

The Complaint in this action was filed on November 16, 2010, and process was ordered to issue to the defendants on November 24, 2010. To date, the record does not indicate that Defendants Preston and James have been served with process in this action.

Rule 4(m) of the Federal Rules of Civil Procedure requires, if a defendant is not served with process within 120 days of the date this action was filed, the Court "must dismiss" the action without prejudice or order that service be made within a specified time. Over 120 days have passed since the Order of November 24, 2010, which directed that process issue in this action. Accordingly, Defendants Preston[5] and James should be dismissed from the action pursuant to Rule 4(m).[6]

In addition, the plaintiff failed to return a service packet for Defendant James within the 21 day period as directed by the Order entered November 24, 2010 (Docket Entry No. 5). In the Order, the plaintiff was specifically warned that failure to return the completed service packets could "jeopardize his prosecution of this action."

---

[5] The claims asserted against Defendant Preston are essentially the same as those asserted against Defendants Lassiter, Howard, and Lucas. As such, claims against Defendant Preston, even if he were served with process in the action, would be subject to dismissal for the same reasons as apply to the claims of the other three defense attorneys.

[6] The instant Report and Recommendation provides notice to the plaintiff of the intent to dismiss these two defendants under Rule 4(m).

# RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that:

1) the motion to dismiss of Defendant Lawren B. Lassiter (Docket Entry No. 17), the motion to dismiss of Randy P. Lucas (Docket Entry No. 19), and the motion for summary judgment of Defendant David R. Howard (Docket Entry No. 32) be GRANTED, and that the plaintiff's claims against these defendants under 42 U.S.C. § 1983 be DISMISSED WITH PREJUDICE;

2) the Court decline to exercise jurisdiction over the plaintiff's state law claims against Defendants Lassiter, Howard, and Lucas, and that these claims be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1367(c);

3) Defendants Lawren Lassiter, David Howard, and Randy Lucas be DISMISSED from the action; and

4) Defendants Sidney Preston and Lytle James be DISMISSED from the action without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.[7]

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and

---

[7] The plaintiff's claims against Defendants Harris and Bates remain pending. Although it appears that Defendants Harris and Bates were served on December 9, 2010, see Docket Entry Nos. 14-15, neither defendant has filed a response to the complaint nor entered an appearance in this case.

11

Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                            Respectfully submitted,

                                            JULIET GRIFFIN
                                            United States Magistrate Judge