IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ANTONIO FREEMAN | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 3:10-1087 |
| | ) | |
| LAWREN B. LASSITER, et al. | ) | |

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered November 24, 2010 (Docket Entry No. 5)), the Court referred this action to the Magistrate Judge to enter a scheduling order, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

For the reasons set out below, the Court recommends that this action be dismissed with prejudice.

## I. BACKGROUND

The action was filed pro se and in forma pauperis by Antonio Freeman on November 16, 2010. He was an inmate at the Sumner County Jail ("Jail") at the time the lawsuit was filed but was later released from the Jail. He brought this action pro se and in forma pauperis seeking damages and other relief under 42 U.S.C. § 1983 and under state law. Named as defendants to the complaint were four criminal defense attorneys - Lawren B. Lassiter, Sydney V. Preston, David R. Howard,

and Randy P. Lucas, two City of Gallatin police officers - Bobby Harris and Eben Bates, and Sumner County Assistant District Attorney Lytle A. "Joe" James. Each defendant was sued in his individual and official capacity. By the order of referral, process was issued to the defendants.

By Order entered May 25, 2011 (Docket Entry No. 47), Defendants Lawren Lassiter, David Howard, and Randy Lucas were dismissed from the action upon their dispositive motions, and Defendants Sidney Preston and Lytle James were dismissed from the action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure because they had never been served with process in the action.

By Order entered July 12, 2011 (Docket Entry No. 50), the plaintiff was advised that the two remaining defendants in the action, Bobby Harris and Eben Bates, had not responded to the complaint, and that the record in the action does not clearly indicate that they had been served with process.[1] The Court gave the plaintiff until July 25, 2011, to: 1) show good cause why defendants Harris and Bates should not be dismissed from this action under Rule 4(m) because they have not been served with process within 120 days of the Order of November 24, 2010 (Docket Entry No. 5), which directed that process issue in the action; and 2) show good cause why this action should not be dismissed under Rule 41(b) because of the plaintiff's failure to prosecute the action.[2] The

---

[1] Although process was issued to Harris and Bates, see Docket Entry No. 10, and was confirmed by the Postal Service as delivered to the Gallatin Police Department, see Docket Entry Nos. 14 and 15, there is no indication in the record that either of the defendants personally accepted service of process in this action.

[2] The plaintiff did not respond to the dispositive motions nor file objections to the Report and Recommendation (Docket Entry No. 42) which recommended that the motions be granted, and the last action the plaintiff took to prosecute this action was his return of the service packets in December 2010. See Docket Entry Nos. 8-9.

2

plaintiff was specifically warned that failure to comply with the Court's directive would result in a recommendation to the Court that this action be dismissed.

The plaintiff has not filed a response to the show cause order or in any other way responded to the Court's Order.

## II. CONCLUSIONS

Rule 16(f)(1) of the Federal Rules of Civil Procedure provides that "on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (C) fails to obey a scheduling or other pretrial order." Pursuant to Rule 37(b)(2)(A)(v), the Court may dismiss an action as a sanction.

In addition, it is well-settled that federal trial courts have the inherent power to manage their own dockets. Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff. See Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980).

Dismissal of this action pursuant to Rule 16(f)(1) and Rule 41(b) is warranted because of the plaintiff's failure to comply with the directives of the Court and the plaintiff's failure to take steps to prosecute his action. Dismissal of the action with prejudice is appropriate in light of the plaintiff's disregard of the Court's show cause Order, his failure to provide any valid justification

for his actions, and the impasse in further proceedings in the action caused by plaintiff's conduct. Given the plaintiff's disinterest in the action, a sanction lesser than dismissal is not warranted.[3]

Furthermore, the plaintiff has not shown that service has been made upon Defendants Harris and Bates within 120 of the order issuing process in this action. Accordingly, their dismissal under Rule 4(m) is warranted.

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that this action be DISMISSED with prejudice in its entirety pursuant to Rule 16(f)(1) and Rule 41(b) of the Federal Rules of Civil Procedure.[4]

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

---

[3] The fourteen day period for filing objections to this Report and Recommendation provides the plaintiff with notice of the sanction of dismissal and a second opportunity to show good cause why the action should not be dismissed.

[4] Although the plaintiff has not filed a change of address notice in the instant action, he has made a filing in another action he has pending in this district in which he indicates that he is again being held at the Sumner County Jail. See Docket Entry No. 115 in Freeman v. Troutt, 3:10-0697.

The Clerk is directed to send a copy of this Report and Recommendation, as well as the Order entered July 12, 2011 (Docket Entry No. 50), to the plaintiff at both the address listed for the plaintiff on the docket and to the Sumner County Jail, 117 W. Smith Street, Gallatin, TN 37066.

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge