IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ANTONIO FREEMAN, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:10-cv-1087 |
| | ) | Judge Trauger |
| LAWREN B. LASSITER, *et al.*, | ) | Magistrate Judge Griffin |
| | ) | |
|     Defendants. | ) | |

## ORDER

By Order entered November 24, 2010 (ECF No. 5), this action was referred to the Magistrate Judge to enter a scheduling order for management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court. Pursuant to that Order, the Magistrate Judge has entered a Report and Recommendation (ECF No. 53) recommending that this matter be dismissed in its entirety, with prejudice, on the basis of the plaintiff's failure to comply with the court's directives and failure to take steps to prosecute the action. In addition, the Magistrate Judge noted that the plaintiff has not shown that service has been made upon the only remaining defendants in this action, Bobby Harris and Eben Bates, within 120 days of the order directing process to issue, such that their dismissal under Rule 4(m) of the Federal Rules of Civil Procedure was warranted.

In response to the Report and Recommendation, plaintiff Antonio Freeman has filed a Motion for Review asking the court to "set aside" Judge Griffin's "order of dismissal." (ECF No. 66.) The court construes this filing as the plaintiff's objections to the Report and Recommendation. Specifically, Freeman claims that on August 24, 2011, he "sent two filled out process of service [sic] forms to be issued to both defendants," and that he is "re-issuing again two complete process of service forms with the courts." (ECF No. 66, at 1, 2.) He also claims that some miscommunication was due to his attempts to retain an attorney, which apparently fell through, and also points out that the docket reflects service upon the defendants (via certified mail upon the Gallatin Police Department) on December 9, 2010. (See ECF Nos. 14 and 15.)

The court nonetheless finds, based upon a *de novo* review of the record, that the plaintiff has made no effort to prosecute this case or move matters forward against defendants Bates and Harris since entry of

the court's order affirming the dismissal of the other defendants in May 2011, despite the court's directive that he take some action. Dismissal on that basis is therefore justified.

Moreover, the allegations in the plaintiff's complaint concerning defendants Harris and Bates conclusively demonstrate that the claims are barred by Tennessee's one-year statute of limitations, Tenn. Code Ann. § 28-3-104(a). *See Eidson v. Tenn. Dep' of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (noting that the Sixth Circuit has long held that the one-year limitations period set forth in Tenn. Code Ann. § 28-4-103 applies to § 1983 actions arising in Tennessee). The claims concern an allegedly illegal search and seizure effected by Harris and Bates on November 20 and 21, 2008, and excessive bail associated with the November 21, 2008 arrest. Those claims accrued nearly two years prior to the filing of the complaint in this action. Even if the complaint could be construed to state claims for false arrest and false imprisonment as well, this court has already determined in a related case also filed by the plaintiff here that such claims accrued no later than the date of the plaintiff's preliminary hearing on January 21, 2009, still well over a year before the filing of the compaint in this action.[1] The court therefore holds that the claims against Harris and Bates are subject to dismissal based on the statute of limitations.

Accordingly, this court hereby **OVERRULES** the plaintiff's objections to the Magistrate Judge's Report and Recommendations, and **ACCEPTS** the Magistrate Judge's findings, **WITH MODIFICATIONS**. 28 U.S.C. § 636(b)(1). Based on the plaintiff's failure to prosecute, and because the claims against these defendants are clearly barred by the statute of limitations, this action is **DISMISSED WITH PREJUDICE**.

It is so **ORDERED**.

This is a final judgment for purposes of Fed. R. Civ. P. 58.

_____
Aleta A. Trauger
United States District Judge

---

[1] The related case, *Freeman v. Harris*, No. 3:10-cv-71, was filed on January 21, 2010, ten months before this one. It names only Harris and the Gallatin Police Department as defendants, and raises identical claims based on the same allegedly illegal search and seizure that occurred in November 2008. The claims for illegal search and seizure and excessive bail have been dismissed on statute-of-limitations grounds. The claims for false arrest and false imprisonment have been permitted to proceed on the basis that they did not accrue until the date of the preliminary hearing on January 21, 2009, exactly one year before the complaint in that case was filed.